# UNITED STATES DISTRICT COURT
## Southern District of Florida



Palm Beach Marine Construction, Inc.,

    Plaintiff,

v.

Jeffrey Epstein,

    Defendant.

**09-80175**

Civil Action No. _____

FILED by _____ D.C.

FEB 1 1 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**CIV-RYSKAMP**

MAGISTRATE JUDGE
VITUNAC

## COMPLAINT

Plaintiff Palm Beach Marine Construction, Inc. ("PBMC" or "Plaintiff") sues Defendant Jeffrey Epstein ("Mr. Epstein" or "Defendant") for Breach of Contract, Foreclosure of Lien, and Quantum Meruit.

Mr. Epstein owes PBMC $105,000.00. He refuses to pay. PBMC, a marine contractor, provides marine construction services, including the installation of pilings for mooring vessels, and the dredging of fill to facilitate the movement of large boats, such as yachts.

PBMC installed pilings adjacent to Mr. Epstein's dock. It also dredged an enormous quantity of fill from the lake behind Mr. Epstein's house in the Town of Palm Beach.

Mr. Epstein has only paid $30,000.00 on a $120,000.00 contract and refuses to accede to PBMC's repeated demands to pay the balance. PBMC has no other recourse but to file this suit and enforce its claim of lien.

### I. JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C § 1332. The Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of prejudgment interest, costs, and attorney's fees.

2.    PBMC invokes both the legal and equitable jurisdiction of this Court.

3.   Venue is proper in this district. Plaintiff principal place of business is in Palm Beach Countuy; Palm Beach County is also where the Defendant owns his vacation home, where the parties executed the contract, and where the property which is the subject of the contract is located.

## II. PARTIES

4.   PBMC is a registered Florida corporation.  At all material times, PBMC was qualified to perform marine contracting services in Palm Beach County, Florida.  For jurisdictional purposes, PBMC is a citizen of the State of Florida.

5.   Mr. Epstein is the owner of the property located 358 El Brillo Way, Palm Beach, Florida 33480 ("Property").  Upon information and belief, Mr. Epstein is a citizen, for jurisdictional purposes, of the State of New York, or, alternately, a citizen of the United States Virgin Islands.  Mr. Epstein is over the age of eighteen and is otherwise *sui juris*.

## III. GENERAL ALLEGATIONS

6.   On or around August 8, 2008, PBMC, provided a written offer to Douglas Schoettle, Mr. Epstein's authorized representative, to perform the following work: (a) furnish and install eight mooring piles, and (b) dredge and dispose of fill.  (*See* **Exhibit A**).

7.   The offer expressly stated the dredging and disposing of fill would have the following price term: "$7,000.00 PER 50 YD HOPPER (MIN. 2 HOPPERS) ADDITIONAL DREDGING COSTS WILL BE BILLED SEPARATELY @ 7,000 PER 50 YD HOPPER." *Id.*

8.   The written offer also provided that a 50% deposit was due on acceptance of the contract.

9.   On or around August 28, 2008, Mr. Epstein paid PBMC a 50% deposit of $15,000.00 (in the form of a check), thereby signifying his acceptance of the written offer. (*See* **Exhibit B**).

10.   Upon Mr. Epstein's acceptance, PBMC's written offer became a binding contract between the parties.

11.   PBMC furnished and installed the mooring piles as required under the contract.

12.   PBMC dredged and disposed of the fill taken from the lake behind Mr. Epstein's Property, as required under the contract.

13.   The total amount of fill dredged from the lake behind Mr. Epstein's Property equaled 17 hoppers.

14.   PBMC properly invoiced, on or around September 19, 2008, Mr. Epstein (through his authorized representative, Mr. Schoettle) for the 2 hopper minimum, as stated in the contract. (*See* **Exhibit C**).

15.   On or around October 1, 2008, PBMC properly invoiced Mr. Epstein (through his authorized representative, Mr. Schoettle) for the additional 15 hoppers of fill dredged and removed from the lake behind Mr. Epstein's Property. (*See* **Exhibit D**).

16.   Mr. Epstein has only paid PBMC for the 2 hopper minimum.

17.   Regardless of PBMC's repeated demands, Mr. Epstein refuses to pay the $105,000.00 owed for the additional 15 hoppers, despite acknowledging that PBMC has performed the work (receipts and invoices from third parties showing that the work has been performed were given to Mr. Epstein's representatives).

18.   PBMC fully performed its obligations under the contract.

19.   The last item of labor, services, and materials required for the improvements upon the Property was furnished on or around October 1, 2008.

20.   PBMC has retained the undersigned counsel to sue Mr. Epstein and is obligated to pay undersigned counsel a reasonable fee. PBMC is entitled to recover its attorney's fees pursuant to Fla. Stat. § 713.29 and the contract between the parties.

21.   PBMC is entitled to prejudgment interest at the maximum rate provided under Florida law, as stated in the contract. (*See* **Exhibit A**).

22.   PBMC has satisfied all conditions precedent for suit, or such conditions precedent have occurred or have been waived.

## IV. CAUSES OF ACTION

### Count I — Action to Foreclose on Claim of Lien

19.    PBMC restates paragraphs 1 through 22.

20.    This is an action to foreclose a construction lien.

21.    On October 20, 2008, PBMC recorded a Claim of Lien for $120,000.00 on the Property.

22.    The Claim of Lien was recorded in the Public Records of Palm Beach County, OR BK 22913 PG 1400.[1] (**Exhibit E.**)

23.    This Complaint incorporates the Property description in the Claim of Lien. (**Exhibit E.**)

24.    PBMC delivered the Claim of Lien to Mr. Epstein and (or) to his authorized representative, Mr. Schoettle, in the time required under Chapter 713, FLORIDA STATUTES.

25.    PBMC delivered its contractor's affidavit to Mr. Epstein and (or) to his authorized representative, Mr. Schoettle, in the time required under Chapter 713, FLORIDA STATUTES. (**Exhibit F.**)

26.    PBMC has complied with all the requirements of Chapter 713, FLORIDA STATUTES.

*WHEREFORE*, PBMC requests that this Court:

    a.    Recognize PBMC's Claim of Lien in the amount of $105,000.00, to be due as of the date of the recording of the Claim of Lien, plus prejudgment interest at the maximum rate allow under Florida law, plus costs, and plus attorney's fees, as provided in § 713.29 and under the contract;

    b.    Render a personal money judgment against Mr. Epstein;

    c.    Order the Property sold to pay PBMC's lien, free and clear of Mr. Epstein's claim upon the Property; and,

    d.    Grant such other equitable relief as this Court deems just and proper.

---

[1] After PBMC recorded its Claim of Lien, Mr. Epstein tendered $15,000.00 of the $120,000 claimed. PBMC signed a Partial Satisfaction of Lien for the $15,000.00. The remaining amount of the claim of lien is $105,000.00.

### Count II — Breach of Contract

27.    PBMC restates paragraphs 1 through 22.

28.    This is an action for breach of an express contract.

29.    The parties entered into an express contract.  **(Exhibit A.)**

30.    The express contract is a valid contract.

31.    Mr. Epstein materially breached the contract when he refused to pay PBMC the balance of the contract price of $105,000.00.

32.    Mr. Epstein's material breach has damaged PBMC.

33.    PBMC is entitled to recover its attorney's fees under the contract.

*WHEREFORE,* PBMC requests that this Court:

(a)    Enter judgment against Mr. Epstein personally for damages in the amount of $105,000.00, plus prejudgment interest at the maximum rate allow under Florida law, plus costs, and plus attorney's fees as provided under the contract and § 713.29; and,

(b)    Grant such other relief as this Court deems just and proper.

### Count III — Quantum Meruit

34.    PBMC restates paragraphs 1 through 22.

35.    In the alternative to its breach of express contract count, PBMC seeks the remedy of quantum meruit, based Mr. Epstein's breach of his implied-in-fact contract with PBMC.

36.    PBMC and Mr. Epstein entered into an implied in-fact-contract.

37.    Under the implied-in-fact contract between the parties, PBMC performed services that constituted a permanent and valuable improvement to the Property.

38.    As of the date of this Complaint, Mr. Epstein has willfully refused to pay for PBMC's permanent and valuable improvements to the Property, despite PBMC's many demands.

39.    Mr. Epstein has breached the parties' implied-in-fact contract.

40.    Mr. Epstein's breach as damaged PBMC.

41.    PBMC is entitled to the reasonable value of its services.

*WHEREFORE*, PBMC requests that this Court:

(a)     Enter judgment against Mr. Epstein personally for damages in the amount of $105,000.00, plus prejudgment interest at the maximum rate allow under Florida law, plus costs, and plus attorney's fees as provided under the contract and § 713.29; and,

(b)     Grant such other relief as this Court deems just and proper.

Dated this 11th day of February 2009.

Respectfully Submitted,

*Alex Lin*

Alexander Lian (Florida Bar Number: 571271)
Attorney e-mail address: alian@alexanderlian.com
ALEXANDER LIAN, P.A.
777 Brickell Avenue, Suite 1210
Miami, Florida 33131
Telephone: (305) 381-7910
Facsimile: (305) 381-7135
*Attorney Palm Beach Marine Construction, Inc.*

# EXHIBIT A



**PALM BEACH MARINE**
**O·K·X**
**CONSTRUCTION INC**
WHERE WATERFRONT PROPERTIES COME TO LIFE.

1410 Forsythe Road
West Palm Beach, FL 33405
561/588-7690 | www.PBMCinc.com

# Estimate

| Date | Estimate # |
|------|-----------|
| 08/08/08 | E1070 |

| Name / Address |
|----------------|
| Douglas Schoettle<br>358 El Brillo Way<br>Palm Beach, FL 33480 |

| Ship To |
|---------|
| Douglas Schoettle<br>358 El Brillo Way<br>Palm Beach, FL 33480 |

| Customer Phone | Customer Fax | Customer Alt. Contact |
|----------------|--------------|----------------------|
| 212-932-0535 | 212-750-2408 | Rich Kahn |

| Description | Cost | Total |
|-------------|------|-------|
| WE PROPOSE TO FURNISH & INSTALL AS DESCRIBED BELOW: | | |
| > FURNISH & INSTALL (8) 12" X 3 X 40' WOOD MOORING PILES CAPPPED WITH FLAT COPPER PILING CAPS | 2,000.00 | 16,000.00 |
| > DREDGE AND DISPOSE OF FILL: $7,000 PER 50 YD HOPPER (MIN. 2 HOPPERS) ADDITIONAL DREDGING COSTS WILL BE BILLED SEPARATELY @ $7,000 PER 50 YD HOPPER | 7,000.00 | 14,000.00 |
| NOTES:<br>ROCK PUNCHING, IF NECESSARY, TO BE BILLED @ $500.00 PER HOUR<br>PERMIT NOT INCLUDED<br>PRICING IS GOOD FOR 30 DAYS | | |
| PAYMENT SCHEDULE:<br>50% DEPOSIT DUE ON ACCEPTANCE OF CONTRACT<br>BALANCE DUE UPON COMPLETION | | |

| Signature (Owner/Agent): | Date: | **Total** | **$30,000.00** |
|--------------------------|-------|-----------|----------------|
| Signature (PBMC): | Date: | | |

# AGREEMENT

This contract, dated August 8, 2008 is between Palm Beach Marine Construction, Inc. ("PBMC") and Douglas Schoettle ("Owner"). It concerns improvements to the property located at 358 El Brillo Way, Palm Beach, FL 33480.

In consideration of the mutual covenants contained in this agreement, PBMC and Owner (the "parties") agree as follows:

1. **Expiration of Estimate.** The estimated price quotation ("quoted price") expires in thirty days from the date of the quote. At any time after the expiration date, PBMC may, at its sole option, agree to perform the work specified at the quoted price.

2. **Effective Date.** Once the Owner and PBMC sign this estimate it becomes a contract binding on both parties. The effective date is the date upon which the last party signs.

3. **Scope of Work.** PBMC will perform only the work specified in this contract. The specifications listed in this contract represent the parties' final understanding of the work PBMC is to perform. This contract represents the entire and integrated agreement between the parties and supersedes any prior negotiations, representations, or agreements, either written or oral.

4. **Quoted Price Fluctuations.** The estimated price is subject to fluctuations due to (a) the actual quantity of material used, (b) rock or other hard material, or (c) increases of over 2% in the cost of materials required to perform the specified work.

   a. Owner understands and agrees that the quoted price represents an estimate of the quantity of material required to perform the specified work. Owner further understands and agrees that at the completion of the project the final amount due to PBMC will be adjusted to reflect the actual quantity of material used.

   b. If, during performance of specified work, PBMC finds it necessary to punch or remove rock, hardpan, or other impervious material, Owner understands and agrees that PBMC will charge Owner $500.00 per hour to punch or remove the rock, hardpan, or other impervious material. Owner agrees to pay PBMC $500.00 per hour for the punching or removal. Owner understands and agrees that this charge is over and above the quoted price.

   c. Owner understands and agrees that the quoted price is subject to any increase in the price of materials in excess of 2% of the price of the materials on the date upon which PBMC provided the quoted price. Owner understands and agrees that at the completion of the project the final amount due to PBMC will be adjusted to reflect any price increase of over 5% in the materials used to perform the specified work.

5. **Change Order.** Owner agrees to compensate PBMC for any change order PBMC submits for work, not specified in this contract, that PBMC does at Owner's verbal or written request. Owner understands and agrees that the quoted price does not include any work, other than specified in the contract, that Owner desires done.

6. **Termination Date.** Owners understands and agrees that if by one year after the effective date PBMC is unable, due to causes outside of its control, to commence the work specified, the contract—except for this provision—terminates. Owner will be entitled to a refund of monies paid to PBMC minus PBMC's incurred expenses for any work done to benefit the Owner or the Owner's property.

7. **Suitable Work Site.** Owner agrees to provide PBMC a suitable work site. Owner also agrees to facilitate performance of the specified work by, among other things, providing water, electricity, and suitable access. Owner understands that Owner's responsibility to provide a suitable work site and to facilitate PMBC's performance of specified work is not limited to solely providing the items listed.

8. **Required Permits.** Unless otherwise provided in this agreement, Owner agrees Owner will be responsible for acquiring all required permits for PBMC to perform the specified work (or any work done under a change order). Examples of required permits include (but are not limited to) any permits required by federal, state, or local agencies, governmental entities, governing bodies, and those required by private associations, assemblies, or communities. Owner agrees to indemnify PBMC for any penalties or fines PBMC incurs in performing the specified work due to not having a required permit.

9. **Owner-caused Delays.** Owner understands and agrees that PBMC is not responsible or accountable for work that other contractors (including subcontractors) have performed or are performing on the work site. To the extent PBMC is unable to perform the work specified in the contract due to delays attributable to another project on the work site, Owner understands and agrees that Owner is responsible for such delays. Owner agrees to compensate PBMC for reasonable and direct costs associated with such delays. Owner also agrees to compensate PBMC for reasonable and direct costs associated with any other delay for which the Owner is responsible.

10. **Force Majeure.** PBMC will undertake to complete the work specified in the contract in a timely fashion. PBMC will not be liable for any direct or indirect damages to the improvements or Owner's property, or for any direct or indirect delays in performing the work specified, that result from *force majeure*, including, without limitation, hurricanes, tornadoes, floods, fire, or other catastrophic events.

11. **Past Due.** Owner agrees that all invoices are due upon receipt. PBMC will allow a ten (10) .day grace period from date invoice is mailed to Owner. Invoices past due will be assessed interest at the maximum rate allowed by law.

12. **Disputes.** In the event of a dispute as to the interpretation or application or an alleged breach of this contract, the parties agree that such dispute **SHALL BE HEARD BY A JUDGE, NOT A JURY,** in Palm Beach County, Florida. The parties further agree the laws of the State of Florida shall govern this contract. The prevailing party shall be entitled to reasonable attorney's fees, including all reasonable attorney's fees and costs related to any appeals.

13. **Severability.** The parties agree that if a court of competent jurisdiction finds any provisions of this contract—or any part of any provision of this contract—invalid, such finding shall not affect the validity of any other provision or part of this contract.

14. **Construction Lien Notice.**

**ACCORDING TO FLORIDA'S CONSTRUCTION LIEN LAW (§§ 713.001 to 713.37, Fla. Stat.), THOSE WHO WORK ON YOUR PROPERTY OR PROVIDE MATERIALS AND ARE NOT PAID IN FULL HAVE A RIGHT TO ENFORCE THEIR CLAIM FOR PAYMENT AGAINST YOUR PROPERTY. THIS CLAIM IS KNOWN AS A CONSTRUCTION LIEN. IF 'YOU'RE CONTRACTOR OR A SUBCONTRACTOR . FAILS TO PAY SUBCONTRACTORS, SUB-SUBCONTRACTORS OR MATERIALS SUPPLIERS OR NEGLECTS TO MAKE**

OTHER LEGALLY REQUIRED PAYMENTS, THE PEOPLE WHO ARE OWED MONEY MAY LOOK TO YOUR PROPERTY FOR PAYMENT, EVEN IF YOU HAVE PAID YOUR CONTRACTOR IN FULL. IF YOU FAIL TO PAY YOUR CONTRACTOR, YOUR CONTRACTOR MAY ALSO HAVE A LIEN ON YOUR PROPERTY. THIS MEANS IF A LIEN IS FILED YOUR PROPERTY COULD BE SOLD AGAINST YOUR WILL TO PAY FOR LABOR, MATERIALS, OR OTHER SERVICES THAT YOUR CONTRACTOR OR A SUBCONTRACTOR MAY HAVE FAILED TO PAY. FLORIDA'S CONSTRUCTION LIEN LAW IS COMPLEX AND IT IS RECOMMENDED THAT WHENEVER A SPECIFIC PROBLEM ARISES, YOU CONSULT AN ATTORNEY.

**Chapter 558 Notice of Claim.**

CHAPTER 558, FLORIDA STATUTES, CONTAINS IMPORTANT REQUIREMENTS YOU MUST FOLLOW BEFORE YOU MAY BRING ANY LEGAL ACTION FOR AN ALLEGED CONSTRUCTION DEFECT. SIXTY DAYS BEFORE YOU BRING ANY LEGAL ACTION, YOU MUST DELIVER TO THE OTHER PARTY TO THIS CONTRACT A WRITTEN NOTICE, REFERRING TO CHAPTER 558, OF ANY CONSTRUCTION CONDITIONS YOU ALLEGE ARE DEFECTIVE AND PROVIDE SUCH PERSON THE OPPORTUNITY TO INSPECT THE ALLEGED CONSTRUCTION DEFECTS AND TO CONSIDER MAKING AN OFFER TO REPAIR OR PAY FOR THE ALLEGED CONSTRUCTION DEFECTS. YOU ARE NOT OBLIGATED TO ACCEPT ANY OFFER WHICH MAY BE MADE. THERE ARE STRICT DEADLINES AND PROCEDURES UNDER THIS FLORIDA LAW WHICH MUST BE MET AND FOLLOWED TO PROTECT YOUR INTERESTS.

| Palm Beach Marine Construction, Inc. | Owner |
|---|---|
| By:_____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

# EXHIBIT B



# EXHIBIT C

Palm Beach Marine Construction, Inc.

# Invoice

1410 Forsythe Road
West Palm Beach, FL 33405

| Date | Invoice # |
|------|-----------|
| 9/19/08 | 770 |

| Bill To |
|---------|
| Douglas Schoettle<br>358 El Brillo Way<br>Palm Beach, FL 33480 |

| Ship To |
|---------|
| Douglas Schoettle<br>358 El Brillo Way<br>Palm Beach, FL 33480 |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
|  | Due on receipt |  | 9/19/08 |  |  |  |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|-----------|--------|
|  | 001 | Balance due on Contract E1070 | 15,000.00 | 15,000.00 |

| | Total | $15,000.00 |

# EXHIBIT D

# Invoice

**Palm Beach Marine Construction, Inc.**

1410 Forsythe Road
West Palm Beach, FL 33405

| Date | Invoice # |
|------|-----------|
| 10/1/08 | 774 |

**Bill To**

Douglas Schoettle
358 El Brillo Way
Palm Beach, FL 33480

**Ship To**

Douglas Schoettle
358 El Brillo Way
Palm Beach, FL 33480

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 10/1/08 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 15 | 001 | Hoppers dredging & trucking | 7,000.00 | 105,000.0 |

| | Total | $105,000 |
|---|-------|----------|

# EXHIBIT E

CFN 20080382572
OR BK 22913 PG 1400
RECORDED 10/20/2008 14:32:21
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pg 1400; (1pg)

**Return to:**
Palm Beach Marine Construction, Inc.
1410 Forsythe Road
West Palm Beach, FL 33405

## CLAIM OF LIEN

To owner(s) <u>Jeffrey Epstein</u> of the premises hereinafter described, and to all interested parties who may be concerned:

You are hereby notified that <u>Palm Beach Marine Construction, Inc.</u> hereinafter "Claimant"), hereby claims a lien in the sum of <u>$120,000.00</u> plus interest and upon the following described property, (provide legal description or Attach Exhibit A):

*El Bravo Park being all of Lot 40 and the west 24.3 ft. of Lot 39 Plat Book 9 Page 9*

<u>358 El Brillo Way, Palm Beach, Florida 33480</u>

together with all improvements thereon.

This lien is recorded pursuant to FLORIDA Statutes and Claimant claims a lien upon said property and improvements thereon in the amount aforesaid.

Signed and dated this 20th day of October, 2008.

COMPANY NAME

Palm Beach Marine Construction, Inc.

By: _____

STATE OF Florida
County of Palm Beach

SUBSCRIBED, and SWORN TO before me on October 20th, 2008 by
*Javier Quevedo*, who is personally known by me.

4/14/2012  *Lynne Bacchiochi*
My Commission expires: Notary Public:

> LYNNE BACCHIOCHI
> Comm# DD776882
> Expires 4/14/2012
> Florida Notary Assn., Inc

STATE OF FLORIDA · PALM BEACH COUNTY
I hereby certify that the
foregoing is a true copy
of the record in my office.
THIS ___ DAY OF Oct , 20 08
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

# EXHIBIT F

## CONTRACTOR'S FINAL PAYMENT AFFIDAVIT

STATE OF FLORIDA
COUNTY OF PALM BEACH

Before me, the undersigned authority personally appeared JAVIER QUEVEDO, who after being duly sworn, deposes and says of his or her personal knowledge the following:

1.  He is the President, of Palm Beach Marine Construction Inc., which does business in the State of Florida, hereinafter referred to as the "Contractor."

2.  Contractor, pursuant to a contract with Jeffrey Epstein, hereinafter referred to as the "Owner," has furnished or caused to be furnished labor, materials, and services for the construction of certain improvements to real property as more particularly set forth in said contract.

3.  This affidavit is executed by the Contractor in accordance with section 713.06 of the Florida Statutes for the purposes of obtaining final payment from the Owner in the amount of $ _120,000.00_ .

4.  All work to be performed under the contract has been fully completed, and all lienors under the direct contract have been paid in full, except the following listed lienors;

_Southern Waste, 790 Hillbrath Dr., Lantana, FL 33462_

Signed, sealed, and delivered this _24th_ day of _November_ , 2008

By _____

Title: _President_

Business Name: _Palm Beach Marine Construction Inc._

Sworn to and subscribed before me this _24th_ day of _November_ , 2008, by _Javier Quevedo_ who is personally known to me, or produced _____ as identification.

_Yvonne Bucchiochi_
Notary Public
My Commission expires: _4/17/2012_

# CIVIL COVER SHEET

⚓JS 44   (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Palm Beach Marine Construction, Inc.   CIV-RYSKAMP | Jeffrey Epstein   **09-80175** |

**(b)** County of Residence of First Listed Plaintiff   Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Alexander Lian, P.A.   MAGISTRATE JUDGE
777 Brickell Avenue, Suite 1210   VITUNAC
Miami, Florida 33131

09-80175- Ryskamp/Vitunac

Attorneys (If Known)

Chester Brewer
250 Australian Ave. South

FILED by _____ D.C.

FEB 11 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☑ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS— Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Claim of Lien for Unpaid Services Under Contract to Improve Property

LENGTH OF TRIAL via  2  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 105,000.00+   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   Alex Lian

DATE   2/11/09

FOR OFFICE USE ONLY

AMOUNT  $350.00   RECEIPT #  995125   IFP

02/11/09