## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 09-80175-CIV- RYSKAMP/VITUNAC

PALM BEACH MARINE
CONSTRUCTION, INC.,
    Plaintiff,

v.

JEFFREY EPSTEIN,
    Defendant.
_____/

### ANSWER

COMES NOW, the Defendant, JEFFREY EPSTEIN, by and through counsel and file this his answer to the complaint filed herein:

#### Jurisdiction and Venue

1. Admitted for jurisdictional purposes only.
2. Admitted.
3. Admitted for jurisdictional purposes only. It is specifically denied that there has ever existed an executed contract between the parties.

#### Parties

4. Without knowledge.
5. It is admitted that Mr. Epstein is not a citizen of Florida. Further, it is admitted that Mr. Epstein is over the age of eighteen, and is otherwise sui juris and that he owns the property.

#### General Allegations

6. The written proposal speaks for itself, all other allegations are denied.
7. The written proposal speaks for itself, all other allegations are denied.
8. The written proposal speaks for itself, all other allegations are denied.
9. Denied.
10. Denied.
11. Denied as there was no written contract.
12. Denied.
13. Without knowledge, therefore must be denied.
14. Admitted that this invoice was presented. All other allegations of this paragraph are denied.

15. Denied.
16. Admitted that Mr. Epstein has paid the full price set forth in the proposal, however, Defendant is without knowledge as to the number and size of hoppers used.
17. Denied.
18. Denied.
19. Without knowledge.
20. Denied.
21. Denied.
22. Denied.

### Causes of Action
### Count I – Action to Foreclose on Claim of Lien

19. As above.
20. Admitted.
21. Admitted.
22. Admitted.
23. A meaningful response cannot be made as apparently there is a handwritten legal description on the claim of lien. Defendant has no idea when this handwritten description was added to the lien.
24. Denied.
25. Denied.
26. Denied.

### Count II – Breach of Contract

27. As above
28. Admitted.
29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.

### Count III- Quantum Meruit

34. As above.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.

## AFFIRMATIVE DEFENSES

1. There has been little to no benefit to Defendant with regard to the claimed additional dredging. Most of this dredging occurred in areas outside of the agreed upon 8 pilings and that dredging was and is of no benefit to Defendant. Plaintiff has plead a quasi-contract, which presumes that there has been an uncompensated benefit bestowed upon Defendant. Such is not the case and the action for quasi-contract must fail.

2. The proposal attached as Exhibit "A" to the complaint has not been executed by either Defendant or Plaintiff. At best this document is evidence of an oral agreement as to the scope of work to be preformed. The Defendant is not bound by this "estimate" or the detailed "agreement" of which Defendant had no knowledge and to which he did not agree.

3. There has been no meeting of the minds with regard to the scope of the additional dredging work alleged in this complaint; therefore, any contract action must fail.

4. In any contract either, express or implied in fact or in law, there is the implied covenant of good faith and fair dealing. In this case, that duty has been breached by Plaintiff, in that it has without the consent or agreement of Defendant, increased its claimed price by over three hundred percent (300%).

5. The Plaintiff never informed the Defendant as to the magnitude of the additional work that it now claims prior to invoicing for this work. Additionally, work has been done which is of no benefit to the Defendant and had Plaintiff requested permission to do this additional work, said permission would have been denied. Plaintiff may be overcharging the Defendant by not removing as much material as it has claimed. For these and a number of other reasons, the Plaintiff does not have clean hands in this situation and cannot look to the court for a remedy in equity.

6. There has been no acceptance of the additional work claimed by the Plaintiff and as such, any Quantum Meruit action must fail.

7. The lien, which is attached as Exhibit "E" in the complaint, is void on its face for failure to follow the prerequisites of Fla. Statutes § 713.08.

8. The lien attached as Exhibit "E" to the complaint, is void as the Plaintiff has failed to comply with the requirements of Fla. Statutes § 713.08(4)(c)

9. The complaint makes it clear that Plaintiff and Defendant were not in direct privity. The Plaintiff has failed to comply with the "notice to owner" provisions of Fla. Statutes § 713.06 and as such, the Plaintiff

        herein has not perfected it's lien rights. The Liener herein had actual knowledge that the Defendant was the owner of the property in question because the Liener had done work for him previously.

10. On information and belief the Plaintiff is overcharging and has recorded a fraudulent lien in that it is charging for fifty yard hoppers when either thirty or eighteen yard hoppers were used.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of March, 2009 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or prose parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notice of Electronic Filing.

/s/ W. Chester Brewer
W. Chester Brewer, Jr.
Florida Bar No.: 0261858
Email: wcblaw@aol.com
W. CHESTER BREWER, JR., P.A.
One Clearlake Centre – Suite 1400
250 Australian Avenue South
West Palm Beach, Florida 33401
	Telephone: 561-655-4777
Facsimile:  561-835-8691
*Attorney for Defendant, Jeffrey Epstein*

**SERVICE LIST**

Alexander Lian, Esquire
Alexander Lian, P.A.
777 Brickell Avenue, Suite 1210
Miami, Florida 33131
Telephone: 305-381-7910
Facsimile: 305-381-7135
Email: alian@alexanderlian.com
*Attorney for Palm Beach Marine Construction, Inc.*